## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL, <br><br> Defendant. | Case No. 2:23-cv-00473 (BRM) (MAH) <br><br> **ORDER** |

**THIS MATTER** is opened to the Court on the Report and Recommendation of the Honorable Michael A. Hammer, U.S.M.J., dated January 14, 2026 (ECF No. 24), wherein he recommends Defendant Honeywell International's ("Defendant") motion (ECF No. 14) be granted as to the request to vacate default judgment and denied as to the request to dismiss Plaintiff Community Association Underwriters of America, Inc.'s ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5). Judge Hammer also recommends the Court quash the alleged service upon Defendant and to allow Plaintiff sixty (60) days to effect proper service of process on Defendant. No party filed an objection to Judge Hammer's Report and Recommendation.

Plaintiff filed the Complaint on January 26, 2023. (ECF No. 1.) On May 16, 2023, Plaintiff filed a notarized Affidavit of Service claiming Defendant had been sufficiently served with a copy of the summons and complaint on May 5, 2023. (ECF No. 5.)

On July 26, 2023, Plaintiff requested entry of default against Defendant for failure to respond. (ECF No. 7; *see also* Clerk's Entry dated July 27, 2023 (entering same)). On September

20, 2023, Plaintiff filed a motion for default judgment (ECF No. 10), which the Court granted on September 25, 2023 (ECF No. 11).

On November 7, 2025, Defendant filed a motion to vacate default judgment, arguing vacatur is appropriate under Rules 60(b)(4) and (6). (ECF No. 14 at 15, 20.) Alternatively, Defendant requests the Court to dismiss Plaintiff's Complaint for insufficient service of process pursuant to Rule 12(b)(5). (*Id.* at 25.) Plaintiff opposed Defendant's motion, arguing service of process was sufficient under New Jersey law and Defendant fails to meet the standard to vacate default judgment under either Rule 60(b)(4) or (6). (ECF No. 21.) Defendant filed a reply. (ECF No. 23.)

In his Report and Recommendation, Judge Hammer accurately describes the legal landscape for service on defendants and found Plaintiff's service attempt of "dropping papers in front of someone of indeterminate relationship with the party to be served . . . . was insufficient under New Jersey law and, for those same reasons, the federal service rules." (ECF No. 24 at 12–13.) Therefore, he found "Defendant is entitled to relief under Rule 60(b)(4)." (*Id.* at 13.) However, Judge Hammer also found Plaintiff had "acted in good faith in trying to effect service." (*Id.* at 14.) As such, he recommended denying the request to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5), quashing the service allegedly effected, and "grant[ing] Plaintiff an additionally sixty (60) days to effectuate proper service of process on Defendant." (*Id.*)

The parties were given the opportunity to respond or object to Judge Hammer's Report and Recommendation by January 28, 2026, pursuant to Local Civil Rule 72.1(c)(2); to date, no party has responded or objected to the Report and Recommendation. Having reviewed the Report and Recommendation, and it appearing the Court should adopt the Report and Recommendation without modification.

2

**IT IS** on this 3rd day of February 2026,

**ORDERED** that the Report and Recommendation (ECF No. 24) is hereby adopted in its entirety and entered; and it is further

**ORDERED** that Defendant's motion (ECF No. 14) is **GRANTED** as to the request to vacate default judgment under Rule 60(b)(4) and **DENIED** as to the request to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(5); and it is further

**ORDERED** that the alleged service upon Defendant is quashed; and it is further

**ORDERED** that Plaintiff has sixty (60) days to effect proper service of process on Defendant.

        */s/ Brian R. Martinotti*
        **HON. BRIAN R. MARTINOTTI**
        UNITED STATES DISTRICT JUDGE