<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> HONEYWELL INTERNATIONAL, INC., <br><br> Defendants. | Case No. 2:23-cv-00473 (BRM) (JSA) <br><br> **OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court are Defendant Honeywell International, Inc.'s ("Defendant") Motion to Dismiss (ECF No. 32) the Complaint (ECF No. 1) without prejudice pursuant to the doctrine of *forum non conveniens* under Federal Rule of Civil Procedure ("Rule") 12(b)(6) (the "*forum non conveniens* Motion") or, alternatively, to Transfer Venue to the District of Colorado pursuant to 28 U.S.C. § 1404(a) ("Section 1404(a)") (the "Section 1404(a) Motion") (collectively, the "Motion"). Plaintiff Community Association Underwriters of America, Inc. ("Plaintiff") filed an Opposition (ECF No. 35), and Defendant filed a Reply (ECF No. 36). This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). Having reviewed and considered the submissions filed in connection with the motions and having declined to hold oral argument pursuant to Rule 78(b), for the reasons set forth below and for good cause having been shown, the *forum non conveniens* Motion is **DENIED AS PROCEDURALLY DEFICIENT** and the Section 1404(a) Motion is **DENIED**.

## I.    BACKGROUND

For the purpose of this motion, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Digit. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

### A.    Factual Background

Plaintiff is an insurance provider incorporated in California with its principal place of business in Pennsylvania. (ECF No. 1 ¶ 1.) Plaintiff issued an insurance policy to third-party The Lake Forest Condominium Association (the "LFCA") for property located in Frisco, Colorado (the "Property"). (*Id.* ¶ 3). Defendant is a manufacturer of thermostats ("Honeywell-Thermostat") allegedly incorporated in Delaware with its principal place of business in North Carolina. (ECF No. 32 at 11); *see also Locus Techs. v. Honeywell Int'l Inc.*, 632 F. Supp. 3d 341, 363 (S.D.N.Y. 2022).

On January 27, 2021, the Property suffered water damage. (ECF No. 1 ¶¶ 10, 12.) Plaintiff alleges the water damage was caused by a Honeywell-Thermostat, which had improperly "shut down[], thereby allowing certain water pipe(s) to freeze and burst." (*Id.* ¶ 11.) As a result, Plaintiff paid the LFCA more than $200,000 for the water damage under the policy. (*Id.* ¶ 13.)

### B.    Procedural History

On January 26, 2023, Plaintiff filed the Complaint alleging a product liability cause of action. (*Id.*) On May 16, 2023, Plaintiff filed a notarized Affidavit of Service claiming Defendant had been sufficiently served with a copy of the summons and complaint on May 5, 2023. (ECF

No. 5.) Plaintiff subsequently filed a request for default under Rule 55(a) on July 26, 2023 (ECF No. 7) and moved for default judgment under Rule 55(b) on September 20, 2023 (ECF No. 10). On September 25, 2023, the Clerk's Office entered default judgment against Defendant in the amount of $288,867.50. (ECF No. 11.)

On November 7, 2025, Defendant moved to vacate default judgment for insufficient service of process under Rule 60(b)(4) or (6). (ECF No. 14.) Defendant also moved to dismiss the Complaint for same under Rule 12(b)(5). (*Id.*) Plaintiff filed an opposition arguing service was sufficient under New Jersey law (ECF Nos. 21, 22), and Defendant filed a reply (ECF No. 23.)

On January 14, 2026, the Honorable Michael A. Hammer, U.S.M.J., entered a report and recommendation finding Plaintiff had acted in good faith but the service of process was insufficient under New Jersey law. (ECF No. 24 at 14.) Therefore, Judge Hammer recommended granting the motion to vacate default judgment for insufficient service of process under Rule 60(b)(4), denying the motion to dismiss under Rule 12(b)(5), quashing the service allegedly effected, and granting Plaintiff an additional sixty days to effectuate proper service of process (*see id.*), which this Court adopted without modification on February 3, 2026. (ECF No. 26. *But see* ECF No. 27 (filing a waiver of service).)

On March 11, 2026, Defendant filed a request for a pre-motion conference pursuant to the Court's judicial preferences. (ECF No. 28.) Plaintiff filed a response to the request for a pre-motion conference on March 13, 2026 (ECF No. 29), and Defendant filed a reply on March 19, 2026 (ECF No. 30). On March 26, 2026, the Court determined a pre-motion conference would not be beneficial and ordered the parties to proceed with motion practice. (ECF No. 31.)

On April 6, 2026, Defendant filed the Motion. (ECF No. 32.) Plaintiff filed the Opposition on April 20, 2026 (ECF No. 35), and Defendant filed the Reply on April 27, 2026 (ECF No. 36).

## II.   LEGAL STANDARD

### A.   28 U.S.C. § 1404(a)

"A federal district court may transfer a civil action to a different venue under 28 U.S.C. § 1406(a) ('Section 1406(a)') or [Section 1404(a)]." *Bonavito v. President & Fellows of Harvard Coll.*, Civ. A. No. 20-14657, 2021 WL 2722578, at \*5 (D.N.J. June 30, 2021). "To determine which provision applies, the court first ascertains whether venue is proper in the original forum." *Adams, Nash & Haskell, Inc. v. United States*, Civ. A. No. 19-3529, 2020 WL 1305620, at \*1 (D.N.J. Mar. 19, 2020) (citing *Lafferty v. St. Riel*, 495 F.3d 72, 78 (3d Cir. 2007)). "Section 1404(a) provides for the transfer of a case where both the original and the requested venue are proper." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). "Section 1406[(a)], on the other hand, applies where the original venue is improper and provides for either transfer or dismissal of the case." *Id.*

Section 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When a plaintiff has laid a proper venue, "[t]he decision whether to transfer falls in the sound discretion of the trial court." *Park Inn Int'l, L.L.C. v. Mody Enters., Inc.*, 105 F. Supp. 2d 370, 377 (D.N.J. 2000). "[T]he burden of establishing the need for transfer . . . rests with the movant." *Jumara*, 55 F.3d at 879.

The court must consider three factors when determining whether to grant a transfer under Section 1404: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. *Liggett Grp., Inc. v. R.J. Reynolds Tobacco Co.*, 102 F. Supp. 2d 518, 526 (D.N.J. 2000) (citing 28 U.S.C. § 1404(a)). These factors are not exclusive and must be applied

4

through a "flexible and individualized analysis . . . made on the unique facts presented in each case." *Id.* at 527; *see also Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) ("[T]he purpose of . . . [Section 1404(a)] is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" (internal quotation marks omitted)). The first two factors have been refined into a non-exhaustive list of private and public interests that courts should consider. *See Jumara*, 55 F.3d at 879–80.

The private interests a court should consider include: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. *Danka Funding, L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.*, 21 F. Supp. 2d 465, 474 (D.N.J. 1998) (citing *Jumara*, 55 F.3d at 879). The public interests a court should consider include: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. *Id.* (citing *Jumara*, 55 F.3d at 879–80).

## B. *Forum Non Conveniens*

*Forum non conveniens* requires the Court to decide "whether a case 'should be adjudicated elsewhere,' and 'is the proper mechanism for enforcing a forum selection clause.'" *Meridian Consulting I Corp., Inc. v. Eurotec Can. Ltd.*, Civ A. No. 19-22197, 2021 WL 689132, at *9 (D.N.J. Feb. 22, 2021) (citations omitted) (first quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007); and then quoting *Collins v. Mary Kay, Inc.*, 874 F.3d

176, 180 (3d Cir. 2017)). "A district court therefore may dispose of an action by a *forum non conveniens* dismissal . . . when considerations of convenience, fairness, and judicial economy so warrant." *Sinochem Int'l Co.*, 549 U.S. at 432. When no forum selection clause is present, a district court must consider the following factors in applying the doctrine of *forum non conveniens*:

> (1) the amount of deference to be afforded to plaintiffs' choice of forum; (2) the availability of an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable; (3) relevant 'private interest' factors affecting the convenience of the litigants; and (4) relevant 'public interest' factors affecting the convenience of the forum.

*Collins*, 874 F.3d at 186 (quoting *Kisano Trade & Invest Ltd. v. Lemster*, 737 F.3d 869, 873 (3d Cir. 2013)).

## III.    DECISION

Defendant moves to dismiss the Complaint without prejudice pursuant to the doctrine of *forum non conveniens* or, alternatively, moves to transfer the matter pursuant to Section 1404(a). (ECF No. 32.) Although the *forum non conveniens* Motion consistently requests the Court to dismiss the Complaint without prejudice to be re-filed in Colorado, the motion fails to state whether the Complaint should be re-filed in the federal forum—the United States District Court for the District of Colorado—or the state forum—the Colorado District Court. (*See* ECF No. 32-1 at 6–11.) However, as Plaintiff chose to file this matter in a federal forum (*see* ECF No. 1), and Defendant does not challenge the jurisdiction of the federal court over this action (*see generally* ECF No. 32), the Court assumes the *forum non conveniens* Motion requests the dismissal of the Complaint without prejudice to be re-filed in the federal forum, not the state forum. Accordingly, both motions appear to seek transfer of the matter to the District of Colorado. The Court addresses each motion in turn.

6

### A.  *Forum non conveniens* Motion

The common law doctrine of *forum non conveniens* permits a court to dismiss a case "when an alternative forum has jurisdiction to hear the case, and trial in the chosen forum would establish oppressiveness and vexation to a defendant out of all proportion to plaintiff's convenience, or the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co.*, 549 U.S. at 429 (cleaned up) (quoting *Am. Dredging Co. v. Miller*, 510 U.S. 443, 447–448 (1994)). In 1948, however, Congress enacted the domestic-transfer statute, *i.e.*, Section 1404(a), "which allows a district court to transfer any civil action to any other district or division where it might have been brought for the convenience of parties and witnesses, in the interest of justice." *Trotter v. 7R Holdings LLC*, 873 F.3d 435, 440 (3d Cir. 2017) (internal quotation marks omitted) (quoting 28 U.S.C. § 1404(a)). Section 1404(a) superseded the *forum non conveniens* doctrine "insofar as transfer to another federal district court is possible." *Crackau v. Lucent Techs.*, Civ. A. No. 03-1376, 2003 WL 22927231, at *3 (D.N.J. Nov. 24, 2003) (quoting *Curiale v. Tiber Holding Corp.*, Civ. A. No. 94-4770, 1995 WL 479474 at *2 (S.D.N.Y. Aug. 11, 1995) (Sotomayor, J.)); *see also Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."). *But see Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) ("Although the statute was drafted in accordance with the doctrine of *forum non conveniens*, it was intended to be a revision rather than a codification of the common law." (citations omitted)). As Section 1404(a) does not permit a court to transfer a case between a federal and foreign court, however, the *forum non conveniens* doctrine has a continuing application in the federal court but "*only* in cases where

7

the alternative forum is abroad and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co.*, 549 U.S. at 430 (internal quotation marks and citation omitted) (emphasis added) (quoting *American Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994)).

In other words, the appropriate vehicle to transfer a matter to a more convenient federal forum is under Section 1404(a), whereas the appropriate vehicle to transfer, *i.e.*, dismiss to be re-filed, a matter to a more convenient foreign or state forum is under the *forum non conveniens* doctrine. *See Atl. Marine Const. Co.*, 571 U.S. at 60–61; *Sinochem Int'l Co.*, 549 U.S. at 429–30. As such, the forum in which a defendant seeks to have the case heard will determine whether the motion is reviewed as a motion to transfer under Section 1404(a) or a motion to dismiss under the *forum non conveniens* doctrine. *See Crackau*, 2003 WL 22927231, at *2–3 ("Under typical circumstances, it is appropriate for the defendant to make only a [Section] 1404(a) motion to transfer or a motion to dismiss on *forum non conveniens* grounds because the alternate forum in question is either another district court or a foreign [court].")

Here, because the Court assumes the *forum non conveniens* Motion seeks to transfer the matter to a different federal forum—*i.e.*, the District of Colorado (*see supra* Section III; *see generally* ECF No. 32), the appropriate vehicle to transfer the matter is under Section 1404(a), not the *forum non conveniens* doctrine. *See Atl. Marine Const. Co.*, 571 U.S. at 60–61; *Sinochem Int'l Co.*, 549 U.S. 422, 429–30.

Defendant argues Section 1404(a) is not the exclusive but merely the preferred vehicle to transfer a matter to a more convenient federal forum and, as such, a court may in its discretion either transfer a matter to another federal forum under Section 1404(a) or dismiss the matter to be re-filed in another federal forum under the *forum non conveniens* doctrine. (*See* ECF No. 32-1 at

8

5–6.) However, Defendant cites to no relevant caselaw in support of same. (*See id.* at 5–6; *see also* ECF No. 36 at 2–3). *But see Atl. Marine Const. Co.*, 571 U.S. at 60 ("Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer."); *Sinochem Int'l Co.*, 549 U.S. at 430 ("For the federal court system, Congress has codified the doctrine and has provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action." (citing 28 U.S.C. §§ 1404(a), 1406(a))); *Am. Dredging Co.*, 510 U.S. at 449 n.2 ("As a consequence, the federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad."); *Piper Aircraft Co.*, 454 U.S. at 253 ("Although the statute was drafted in accordance with the doctrine of *forum non conveniens* it was intended to be a revision rather than a codification of the common law." (citations omitted)).

Even assuming, however, Section 1404(a) is not, in fact, the exclusive vehicle to transfer a matter to a more convenient federal forum and the Court may instead dismiss the matter to be re-filed in same under the *forum non conveniens* doctrine, Defendant provides neither a factual basis nor a legal rationale as to why the Court should not transfer the matter outright and should dismiss the matter instead. (*See generally* ECF Nos. 32, 36.) In response, Plaintiff argues Defendant seeks dismissal under the *forum non conveniens* doctrine as the statute of limitations has expired and, as such, the matter could not in fact be re-filed in the District of Colorado (*see* ECF No. 35-1 at 6–10), which Defendant does not deny (*see* ECF No. 36 ("Plaintiff's suggestion that [Defendant] seeks dismissal to create a statute of limitations issue is irrelevant. The forum analysis turns on convenience and fairness, not litigation strategy.")). *But see Norwood v. Kirkpatrick*, 349 U.S. 29, 30–32 (1955) (noting Section 1404(a) was enacted to eliminate the

"harsh" repercussion of dismissal under the *forum non conveniens* doctrine, *i.e.*, the potential loss of the right to re-file the matter under the statue of limitations). Therefore, the *forum non conveniens* Motion to dismiss the Complaint *without prejudice* is at its worst a disingenuous motion to have a seemingly viable product liability action filed in an appropriate venue subsequently barred on procedural grounds and at its best a waste of judicial time and resources in an action already three years old.[1]

Based on the foregoing, Defendant's *forum non conveniens* Motion is **DENIED AS PROCEDURALLY DEFICIENT**. However, as both the *forum non conveniens* Motion and the Section 1404(a) Motion "entail the same balancing-of-interests standard," *Atl. Marine Const. Co.*, 571 U.S. at 61, the Court considers all arguments in both motions and construes them collectively as the Section 1404(a) Motion, *see Leonard v. Bed, Bath & Beyond, Inc.*, Civ. A. No. 14-2357, 2015 WL 3440852, at *1–2 (D.N.J. May 22, 2015) ("[W]hen there is another appropriate federal district court forum, the motion for dismissal on *forum non conveniens* grounds is best treated as a motion to transfer.").

**B.      Section 1404(a) Motion**

Defendant moves to transfer the matter to the District of Colorado. (ECF No. 32.) Defendant does not argue the District of New Jersey to be an inappropriate venue but rather claims the District of Colorado to be a more convenient venue as the matter "arises from an alleged incident at [the Property] in Frisco, Colorado, and all operative facts, witnesses, and physical

---

[1] Either way, the *forum non conveniens* Motion is presented for an improper purpose. *See* Fed. R. Civ. P. 11(b) (requiring counsel to sign a written motion to represent the motion is not being presented for an improper purpose or to cause unnecessary delay or needless litigation cost). Defendant is warned any future motions similarly presented for an improper purpose in this matter may result in sanctions. *See* Fed. R. Civ. P. 11(c).

evidence are located there."[2] (*See* ECF No. 32-1 at 5–11.) *See also Lafferty*, 495 F.3d at 77 (providing "Section 1404(a) transfers are discretionary determinations made for the convenience of the parties and presuppose that the court has jurisdiction and that the case has been brought in the correct forum," whereas "Section 1406(a) comes into play where plaintiffs file suit in an improper forum"). Defendant bears the burden to establish by a preponderance of the evidence the private and public interest factors significantly outweigh Plaintiff's choice of forum.[3] *See Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756–757 (3d Cir. 1973); *Ethicon, Inc. v. Randall*, Civ. A. No. 20-13524, 2021 WL 2206106, at *10–11 (D.N.J. May 28, 2021); *see also Networld Communs., Corp. v. Croat. Airlines, D.D.*, Civ. A. No. 13-4770, 2014 WL 4724625, at *5 (D.N.J. Sept. 23, 2014) (requiring the court to find the balancing factors "are more than merely 'tipped' in favor of the defendants" (quoting *Koger, Inc. v. O'Donnell*, Civ. A. No. 07-3091, 2007 WL 3232586, at *3 (D.N.J. Oct. 31, 2007))).

---

[2] Plaintiff does not argue the District of Colorado is an inappropriate venue for purposes of this motion. (*See generally* ECF No. 35.) The Court finds the District of Colorado is a proper venue for transfer as a substantial part of the operative facts occurred in Colorado, *see* 28 U.S.C. § 1391(b), *i.e.*, the water damage event. (ECF No. 1 ¶¶ 10, 12.)

[3] The Motion generally addresses the private interest facts and the second and fourth public interest factors. (*See* ECF No. 32-1 at 8–11.) Defendant more specifically addresses the private and public factors in the Reply. (*See* ECF No. 36 at 6–11.) As reviewed above, *see supra* Section III.A at n.3, however, Plaintiff did not specifically address any of the private or public interest factors in the Opposition. (*See generally* ECF No. 35.) Accordingly, the Court does not consider the additional arguments regarding the private and public factors raised in the Reply. *See Judge v. United States*, 119 F. Supp. 3d 270, 284 (D.N.J. 2015) (providing a court may disregard arguments raised for the first time in a reply as basic fairness requires the opposing have "fair notice of his adversary's claims, as well as an opportunity to address those claims"); *see also North v. Portfolio Recovery Assocs., LLC*, Civ. A. No. 20-20190, 2021 WL 3856259, at *3 (D.N.J. Aug. 30, 2021) (noting a reply "is intended only to provide an opportunity to respond to the arguments raised in the response brief" (quoting *Bishop v. Sam's E., Inc.*, Civ. A. No. 08-4550, 2009 WL 1795316, at *5 (E.D. Pa. June 23, 2009))).

### 1.    Private Interests

Defendant argues the private interest factors weigh in favor of transfer. (*See* ECF No. 32-1 at 8–10.) Specifically, Defendant claims the first and second factors (Plaintiff's and Defendant's respective preferences) favors transfer as Plaintiff is "not a New Jersey resident" and the remaining factors (where the cause of action arose, the convenience of the parties and witnesses, and the location of the physical evidence) favor transfer as the water damage event occurred in Colorado. (*See id.*) In response, Plaintiff concedes the water damage event occurred in Colorado but denies the relevant witnesses and physical evidence are located there. (*See* ECF No. 35-1 at 10–11.)

First, the third factor (where the cause of action arose) is neutral. "As a general rule, the preferred forum is that which is the center of gravity of the accused activity." *Karimi v. Deutsche Bank Aktiengesellschaft*, Civ. A. No. 20-8978, 2022 WL 1001566, at *4 (D.N.J. Mar. 31, 2022) (quoting *NCR Credit Corp. v. Ye Seekers Horizon, Inc.*, 17 F. Supp. 2d 317, 321 (D.N.J. 1998)). "The center of gravity analysis is a fact sensitive inquiry that seeks to identify the forum in which the operative facts giving rise to the litigation occurred." *Allied Old English, Inc. v. Uwajimaya, Inc.*, Civ. A. No. 11-1239, 2012 WL 3564172, at *4 (D.N.J. Aug. 16, 2012) (quoting *Travelodge Hotels, Inc. v. Perry Developers, Inc.*, Civ. A. No. 11-1464, 2011 WL 5869602, at *5 (D.N.J. Nov. 22, 2011)). "[T]here can be more than one place in which a 'substantial part' of the [operative] acts or omissions occurred." *See Halpern v. Centroid Sys., Inc.*, Civ. A. No. 24-7037, 2024 WL 4533370, at *9 (D.N.J. Oct. 21, 2024) (quoting *Ferratex v. U.S. Sewer & Drain, Inc.*, 121 F. Supp. 3d 432, 438 (D.N.J. 2015)). In a product liability action, the cause of action generally "arises" in either the district where the plaintiff's injury occurred—*i.e.*, Colorado—or where the product was designed and manufactured. *See Lembert-Melendez v. CL Med., Inc.*, Civ. A. No. 13-4908, 2014 WL 5881052, at *4 (D.N.J. Nov. 10, 2014) (holding the action arose in the plaintiff's home district

12

where the injury occurred); *Circuport, Inc. v. Dlesk*, Civ. A. No. 11-369, 2011 WL 2214654, at \*4 (D.N.J. June 6, 2011) (holding the action arose in the district the allegedly defective product was designed and manufactured). As Defendant has failed to submit evidence by which to establish where the Honeywell-Thermostat was in fact designed or manufactured (*see generally* ECF Nos. 32, 36), the Court cannot determine whether a substantial part of the operative facts occurred in New Jersey. Accordingly, the third factor is neutral at this time.

Next, the first and second factors (Plaintiff's and Defendant's respective preferences) disfavors transfer. "Generally, unless the defendant can show that the inconvenience to the parties strongly favors another forum, plaintiff's choice of forum should prevail." *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 219 (D.N.J. 2020) (citing *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970)). However, "[if] the operative facts of a lawsuit occur outside the forum selected by the plaintiff, that choice is entitled to less deference." *Ethicon*, 2021 WL 2206106, at \*12 (quoting *Deputy Synthes Sales, Inc. v. Gill*, Civ. A. No. 13-4474, 2013 WL 5816328, at \*7 (D.N.J. Oct. 29, 2013)). In such circumstances, the defendant's choice may be accorded greater deference. *Virag, S.R.L. v. Sony Comput. Ent. Am., LLC*, Civ. A. No. 14-4786, 2015 WL 1469745, at \*6 (D.N.J. Mar. 30, 2015) ("[B]ecause less deference is afforded to [p]laintiff's choice of forum, [d]efendant's choice of forum should be given more weight."). As Defendant has failed to establish by a preponderance of the evidence that a substantial part of the operative facts did not occur within New Jersey, the Court cannot give less deference to Plaintiff's choice and greater deference to Defendant's at this time. Therefore, "plaintiff's choice of forum should prevail." *Ponzio*, 447 F. Supp. 3d at 219. Accordingly, although the first factor disfavors and the second factor favors transfer, greater weight is accorded to Plaintiff's choice—the District of New Jersey—and less weight is accorded to Defendant's choice—the District of Colorado—at this time.

Finally, the remaining factors (convenience of the parties and witnesses and the location of the physical evidence) disfavors transfer. It is well-established, a defendant cannot establish these factors absent the support of any actual evidence demonstrating the locations of the relevant witnesses and physical evidence. *See Plum Tree*, 488 F.2d 754 (vacating a district court transfer order as the defendants bore the burden of proof and did not support their motion with appropriate evidence to establish the elements of transfer under Section 1404(a)); *see also Jackson Hewitt Inc. v. O & W Taxes, Inc.*, Civ. A. No. 22-2350, 2022 WL 17466428, at *3 (D.N.J. Dec. 5, 2022); *Karimi*, 2022 WL 1001566, at *6 n.8 (holding conclusory statements based on the allegations included in the pleading are insufficient to establish certain private and public interest factors including, but not limited to, the convenience of the parties, witnesses, or physical evidence). Although Defendant claims transferring the matter to Colorado would be more convenient for the parties as the relevant witnesses and physical evidence are located in Colorado (*see* ECF No. 32-1 at 9–10), Defendant did not submit evidence in support of this contention. (*See generally* ECF Nos. 32, 36). Rather, Defendant bases its argument solely on the facts alleged in the Complaint. (*See generally* ECF Nos. 32, 36). Accordingly, the remaining factors disfavor transfer at this time.

In summary: (1) the factor regarding where the claim arose is neutral; (2) the factor for the plaintiff's choice of forum, which is entitled to greater deference here, disfavors transfer; (3) the factor for defendant's choice of forum, which is given less weight here, favors transfer; (4) the other three factors—convenience of the parties and witnesses and the location of the physical evidence—disfavor transfer.

### 2.    Public Factors

Defendant argues the public interest factors weigh in favor of transfer. (*See* ECF No. 32-1 at 11.) Specifically, Defendant claims the fourth and sixth factors (local interest and familiarity

with the applicable state law) favor transfer as Colorado is the forum with the most significant relationship to the product liability action. (*Id.*) Defendant does not address the first, second, third, or fifth factors (enforceability, practical considerations, relative court congestion, public policies). (*See generally id.*)

The first factor (enforceability of the judgment) is neutral. "[T]he public interest in the enforceability of the judgment is not concerned with the convenience with which the parties may obtain a judgment; rather, this factor concerns whether a judgment is capable of being enforced at all." *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 406 n.10 (3d Cir. 2017) (citing *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1225 n.3 (3d Cir. 1995)). "[I]t is unlikely that there would be any significant difference in the difficulty of enforcing a judgment rendered by one federal forum or the other." *Id.* at 410 (citing 1 James Moore et al., *Moore's Manual: Federal Practice and Procedure*, § 7.81[3][b] (2017)). Accordingly, the first factor "does not favor either forum because the ultimate judgment will be enforceable in both states." *Gourmet Video, Inc. v. Alpha Blue Archives, Inc.*, Civ. A. No. 08-2158, 2008 WL 4755350, at *8 (D.N.J. Oct. 29, 2008) (citing *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp. 2d 554, 559 (D.N.J. 2008)).

The second factor (practical considerations) disfavors transfer. "This factor focuses on whether transfer would promote judicial economy." *In re CityMD Data Priv. Litig.*, Civ. A. No. 24-6972, 2025 WL 2505655, at *9 (D.N.J. Sept. 2, 2025) (quoting *Genentech, Inc. v. Sandoz, Inc.*, Civ. A. No. 23-4085, 2024 WL 939692, at *7 (D.N.J. Mar. 5, 2024)). "[P]ractical considerations are relevant and warrant transfer if they could make the trial easy, expeditious, or inexpensive." *Atanassov v. Amspec Servs., LLC*, Civ. A. No. 15-3628, 2016 WL 740269, at *6 (D.N.J. Feb. 24, 2016) (internal quotation marks omitted). *See also Halpern*, 2024 WL 4533370, at *10; *Solve Together, LLC v. FedEx Corp.*, Civ. A. No. 22-2090, 2022 WL 5125087, at *7 (E.D. Pa. Oct. 4,

2022) (holding the second factor is neutral if transferring the matter merely shifts the costs of trial rather than significantly reducing them). As Defendant has failed to establish the relevant witnesses and physical evidence are located in Colorado, *see supra* Section III.B.1, the Court cannot find transferring the matter would in fact make the trial easier, more expeditious, or less expensive. Accordingly, the second factor disfavors transfer at this time.

The third factor (administrative difficulty and court congestion) disfavors transfer. "Regarding the administrative difficulties associated with proceeding in either District, the Court is required to evaluate this factor in light of the relative docket congestion of the fora." *Hytera Communs. Corp. v. Motorola Sols., Inc.*, Civ. A. No. 17-12445, 2018 WL 7108018, at *11 (D.N.J. Dec. 6, 2018). To demonstrate congestion, a moving party will typically cite management statistics demonstrating the difference in congestion between the two districts. *See, e.g.*, *Ethicon*, 2021 WL 2206106, at *14–18 (relying on median time between filing and disposition); *Tu v. C.H. Robinson Worldwide, Inc.*, Civ. A. No. 19-16561, 2020 WL 3496930, at *5 (D.N.J. June 29, 2020) (relying on judicial emergencies); *Metro. Life Ins. Co. v. Bank One, N.A.*, Civ. A. No. 03-1882, 2012 WL 4464026, at *8 (D.N.J. Sept. 25, 2012) (relying on number of filings per judgeship). Defendant, however, has failed to submit any management statistics or other records by which to demonstrate the district's comparative congestion. (*See generally* ECF Nos. 32, 36.) Accordingly, the third factor is neutral at this time.

The fourth factor (interest in deciding local controversies) is neutral. This factor is typically neutral if each forum has a genuine interest in resolving the dispute. *See Halpern*, 2024 WL 4533370, at *11. A forum presumably has an interest in resolving a dispute if the matter involves its citizen or home-state business. *See Circuport*, 2011 WL 2214654, at *4; *Solve Together*, 2022 WL 5125087, at *8. The forum with the strongest interest, however, is generally the forum in

16

which the operative facts occurred. *See Ethicon*, 2021 WL 2206106, at \*16; *see also Allied Old English*, 2012 WL 3564172, at \*4 ("When both states have an interest in protecting its citizens, courts in this District have found the balance to tip in favor of the State that was found to be the center of gravity of the actions giving rise to the litigation."). As Defendant has failed to establish New Jersey is not a forum in which the operative facts occurred, *i.e.*, the forum in which the Honeywell-Thermostat was designed or manufactured, *see supra* Section III.B.1, the Court finds New Jersey retains an interest in this matter. Accordingly, the fourth factor is neutral at this time.

The fifth factor (public policies) is neutral. Neither party has suggested either forum has a public policy relevant to this matter. (*See generally* ECF Nos. 32, 35, 36.) Accordingly, the fifth factor is neutral at this time.

The sixth factor (familiarity with the applicable state law in diversity cases) weighs against transfer. "The focus of this factor is whether judges in one of the districts would have greater familiarity with the applicable state law, particularly in diversity cases." *Jumara*, 55 F.3d at 879. If the case were to be transferred to Colorado, the same New Jersey choice of law rule would apply because a transferee court applies the choice of law principles of the transferor forum. *Ferens v. John Deere Co.*, 494 U.S. 516, 524–25 (1990). New Jersey utilizes "the most-significant-relationship test, which consists of two prongs." *Mills*, 406 F. Supp. 3d at 373; *see also Calabotta v. Phibro Animal Health Corp.*, 213 A.3d 210, 219 (N.J. Super. App. Div. 2019). First, the court is required to determine whether a conflict exists between the potentially applicable state laws. *Mills*, 406 F. Supp. 3d at 373. If no conflict exists, the analysis ends, and New Jersey law applies. *See id*. If a conflict exists, however, then the court is required to "determine which state has the 'most significant relationship' to the claims asserted." *Paucek v. Shaulis*, 349 F.R.D. 498, 520 (D.N.J. 2025) (quoting *P.V. ex rel. T.V. v. Camp Jaycee*, 962 A.2d 453, 455 (N.J. 2008)). As such,

17

transfer of the matter does not guarantee the matter will be reviewed under Colorado law. Furthermore, even if this matter were to be reviewed under Colorado law, "federal judges routinely apply the law of various jurisdictions." *Keller-Miller v. Coca-Cola Bottling Co.*, Civ. A. No. 16-3018, 2016 WL 5870897, at *5 (E.D. Pa. Oct. 7, 2016) (quoting *De Lage Landen Fin. Serv. v. Cardservice Int'l.*, Civ. A. No. 00-2355, 2000 WL 1593978, at *2 (E.D. Pa. Oct. 25, 2000)). As Defendant has failed to adequately brief the issue of whether New Jersey or Colorado law applies in this matter (*see generally* ECF Nos. 32, 36), the Court cannot find the District of Colorado has a greater familiarity with the applicable state law relevant to this matter. Accordingly, the sixth factor disfavors transfer at this time.

In sum: (1) the factor for enforceability is neutral; (2) the factor for practical considerations disfavors transfer; (3) the factor relating to administrative difficulty is neutral; (4) the factor relating to local interest is neutral, (5) the factor relating to public policies is neutral; and (6) the factor for the trial judge's familiarity with the applicable state law disfavors transfer. On balance, the public interest factors disfavor transfer.

### 3. Balancing the Above Considerations and Factors

In balancing the private interest and the public interest factors, a district court has "broad discretion to determine, on an individualized, case-by-case basis, whether convenience and fairness considerations weigh in favor of transfer." *Riess v. Target Corp.*, Civ. A. No. 10-737, 2010 WL 2403349, at *2 (D.N.J. June 15, 2010) (citing *Jumara*, 55 F.3d at 883). "[T]he defendant bears the burden of persuasion and must tip the balance 'strongly' in its favor." *Id.*

Here, the private interest factors and the public interest factors disfavor transfer at this time. Importantly, Defendant failed to submit actual supporting evidence demonstrating the forum(s) in which the Honeywell-Thermostat was both designed and manufactured as needed to establish

certain private and public interest factors including, but not limited to, the convenience of the parties, witnesses, or physical evidence. *See Jackson Hewitt Inc.*, 2022 WL 17466428, at *3; *Karimi*, 2022 WL 1001566, at *6 n.8. Accordingly, Defendant has failed to meet its burden to establish by a preponderance of the evidence why transfer is warranted under Section 1404(a).

Based on the foregoing, Defendant's Motion to Transfer Venue to the District of Colorado is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, the *forum non conveniens* Motion (ECF No. 32) is **DENIED AS PROCEDURALLY DEFICIENT** and the Section 1404(a) Motion (*id.*) is **DENIED**. An appropriate order follows.

Date: **July 10, 2026**                    */s/ Brian R. Martinotti*
                                        **HON. BRIAN R. MARTINOTTI**
                                        **UNITED STATES DISTRICT JUDGE**

19